Filed:2/22/2024 3:30 PM
Suzy Wright, District Clerk
Wood County, Texas
Reviewed By:Paige Brown

2024-100

CAUSE NO. _____

| | | |
|---|---|---|
| Vicki and Nathan Dickerson, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | WOOD COUNTY, TEXAS |
| | § | |
| Allstate Texas Lloyds, | § | |
| | § | 402nd |
| *Defendant.* | § | _____ DISTRICT COURT |

---

### PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Vicki and Nathan Dickerson, ("Plaintiffs"), and file **Plaintiffs' Original Petition,** complaining of Allstate Texas Lloyds("Allstate") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.    Plaintiffs, Vicki Dickerson and Nathan Dickerson, reside in Wood County, Texas.

3.    Defendant, Allstate Texas Lloyds, is a foreign insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate, through its registered agent for service listed with the Texas Department of Insurance: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiffs request service at this time.

### JURISDICTION

4.    The Court has jurisdiction over Allstate because this Defendant engages in the business of

insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Wood County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Wood County, Texas because the insured property is located in Wood County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Wood County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiffs asserts cause of action for breach of contract, breach of common law duty of good faith and fair dealing, breach of sections 541 and 542 of the Texas Insurance Code, and breach of the Texas DTPA.

7.    Plaintiffs owned an Allstate insurance policy, number 936132217 (the "Policy").  At all relevant times, Plaintiffs owned the insured premises located at 2001 Old Tyler Highway, Mineola, Texas 75773 (the "Property").  In consideration for receiving coverage for certain damages to the Property, Plaintiff timely paid premiums to Allstate for the Policy.  The Policy covered the Property from 03/27/2022 to 03/27/2023 (the "Policy Period").

8.    Allstate sold the Policy to Plaintiff and represented to Plaintiff that the Policy covered damages caused by certain perils, including wind and hail.  Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

9.    During the Policy Period, the Property sustained extensive damage resulting from a severe storm that passed through the Wood County, Texas area.

10.    In the aftermath of the storm, Plaintiffs submitted a claim to Allstate Texas Lloyds against

the Policy for damage to the Property.  Allstate assigned claim number 0700669591 to Plaintiffs' claim (the "Claim"). The claim was assigned a date of loss of August 17, 2022.

11.   Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12.   Allstate Texas Lloyds hired or assigned various agents to inspect and adjust the claim.  One of the original agents found covered damages in the amount of $4,702.70 and recommended a payment of $3,624.69.  That payment was never made.

13.   Allstate's agent McKenzie Tammy conducted an inspection on or about January 31, 2023. Tammy did not investigate the weather at or near Plaintiffs' property.  Tammy pulled no storm reports, no wind reports and no hail reports.  Tammy failed to provide any findings, conclusions, or determinations related to weather to Plaintiffs.

14.   After failing to investigate, document, and make a final determination on storm activity during the Policy Period, Tammy represented to Plaintiffs there was minimal storm-related damage to the Property in the amount of $722.01. After application of depreciation and $1,000.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of the Claim.

15.   Allstate, through its agent, Tammy, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16.   Allstate has ultimately refused full coverage which includes, but is not limited to, damage to the roof, vents, flashings, gutters and downspouts.  Specifically, the third-party inspector hired to review the damage to the Property found additional covered damage that was completely absent from Tammy's estimate.

17.     The damage to Plaintiffs' Property is currently estimated at $29,528.94.

18.     Tammy had a vested interest in undervaluing the claims assigned to her by Allstate in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of the third-party inspector, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Tammy.

19.     Furthermore, Tammy was aware of Plaintiffs' $1,000.00 deductible prior to inspecting the Property.   Tammy had advanced knowledge of the damages she needed to document in order to be able to deny the Claim.

20.      Tammy misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage.   Tammy made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on her expertise and accept the bad faith estimate as a true representation of the damages.

21.     After reviewing Plaintiffs' Policy, Tammy misrepresented that the damage was caused by non-covered perils.  Tammy used her expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

22.     As stated above, Allstate improperly and unreasonably adjusted Plaintiffs' Claim.  Without limitation, Allstate misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' Claim or loss under the Policy.

23.     Allstate made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Allstate made these false representations with the intent that Plaintiffs act in accordance with the

misrepresentations regarding the grossly deficient damage and repair estimates prepared by Tammy.

24.     Plaintiffs relied on Allstate's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

25.     Upon receipt of the inspection and estimate reports from Tammy, Allstate failed to assess the Claim thoroughly.  Based upon Allstate's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

26.     Because Allstate failed to provide coverage for Plaintiffs' insurance Claim, Plaintiffs have been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs' Property.

27.     Furthermore, Allstate failed to perform their contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Allstate performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28.     Allstate's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

Plaintiffs' Original Petition

29.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
      Practices. TEX. INS. CODE §541.060(a) (1). Allstate has failed to settle Plaintiffs' Claim
      in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.
      Specifically, Allstate has failed to, in an honest and fair manner, balance their own interests
      in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing
      to timely pay Plaintiffs coverage due under the Policy.

30.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
      Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate failed to provide Plaintiffs a
      reasonable explanation for underpayment of the Claim.

31.   Additionally, after Allstate received statutory demand on or about December 11, 2023,
      Allstate has not communicated that any future settlements or payments would be
      forthcoming to pay for the entire loss covered under the Policy, nor did it provide any
      explanation for failing to settle Plaintiffs' Claim properly.

32.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
      Practices.   TEX. INS. CODE §541.060(a) (4).   Allstate performed a biased and
      intentionally substandard inspection designed to allow Allstate to refuse to provide full
      coverage to Plaintiffs under the Policy.

33.   Specifically, Allstate performed an outcome-oriented investigation of Plaintiffs' Claim,
      which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the
      Property.

34.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of
      Claim. TEX. INS. CODE §542.055. Due to Allstate's subpar inspection, Allstate failed

---

to reasonably accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time after receiving all necessary information.

35.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Allstate's intentional undervaluation of Plaintiffs' Claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim.  Specifically, Allstate's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs' Claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' Claim.

36.    Allstate's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

<u>**CAUSES OF ACTION AGAINST DEFENDANT**</u>
<u>**ALLSTATE TEXAS LLOYDS**</u>

37.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

38.    Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

39.    Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

40.     All allegations above are incorporated herein.

41.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42.     Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

43.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

44.     Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

45.     Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

46.    Allstate's unfair settlement practice of refusing to pay Plaintiffs' full Claim without

conducting a reasonable investigation constitutes an unfair method of competition and a

deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47.    All allegations above are incorporated herein.

48.    Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt

Payment of Claims. All violations made under this article are actionable under TEX. INS.

CODE §542.060.

49.    Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the full

Claim within the applicable time constraints constitutes a non-prompt payment in violation

of TEX. INS. CODE §542.056.

50.    Allstate's delay in paying Plaintiffs' Claim following receipt of all items, statements, and

forms reasonably requested and required, for longer than the amount of time provided,

constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51.    All allegations above are incorporated herein.

52.    Allstate's conduct constitutes a breach of the common law duty of good faith and fair

dealing owed to an insured in insurance contracts.

53.    Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' Claim,

even though, at that time, Allstate knew or should have known by the exercise of reasonable

diligence that liability was reasonably clear, constitutes a breach of the duty of good faith

and fair dealing.

## DTPA VIOLATIONS

54.    All allegations above are incorporated herein.

55.    Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods

and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions

precedent to bring this cause of action against Allstate.  Specifically, Allstate's violations

of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Allstate has violated sections

17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations

include, (1) unreasonable delays in the investigation, adjustment, and resolution of

Plaintiffs' Claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3)

failure to pay for the proper repair of Plaintiffs' property when liability has become

reasonably clear, which gives Plaintiffs the right to recover under section

17.46(b)(2).

B.    Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and

investigative services had characteristics or benefits they did not possess, which

gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Allstate also represented to Plaintiffs that the Policy and Allstate's adjusting

services were of a particular standard, quality, or grade when they were of another,

in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, Allstate advertised the Policy and adjusting services with the intent

not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Allstate's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

57.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

58.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

59.     Since the Claim was made, Allstate has not properly compensated Plaintiffs for all
        necessary repairs made, which are covered under the Policy.  This has caused undue
        hardship and burden to Plaintiffs.  These damages are a direct result of Defendants'
        mishandling of Plaintiffs' Claim in violation of the laws set forth above.

60.     Plaintiffs currently estimate that actual damages to the Property under the Policy are
        $29,528.94.

61.     Defendant made the above and other false representations to Plaintiffs, either knowingly
        or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made
        these false misrepresentations with the intent that Plaintiffs act in accordance with the
        misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not
        limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered
        damages as a result.

62.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly,
        constitute the producing causes of the damages sustained.  The above-described acts,
        omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which
        include, without limitation, the cost to properly repair Plaintiffs' Property and any
        investigative and engineering fees incurred.

63.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is
        the amount of their Claim, consequential damages, together with attorney's fees.

64.     For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement
        Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed

pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

65.   For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

66.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

67.   Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

68.   For the prosecution and collection of this Claims, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance

---

Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

69.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate. Further, Plaintiffs plead out of the expedited action process governed by Texas Rule of Civil Procedure 169.

## REQUIRED DISCLOSURES

70.     Under Texas Rules of Civil Procedure 194, Defendant must disclose, within thirty (30) days of filing an answer or general appearance, the information and material described in Texas Rules of Civil Procedure 194.2(b).

## JURY DEMAND

71.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Wood County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Allstate Texas Lloyds, be cited and served to appear and that upon trial hereof, Vicki and Nathan Dickerson, recover from Defendant, Allstate Texas Lloyds

---

such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Respectfully submitted,

By: /s/ *Patrick C. McGinnis*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
mjack@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Irene Ayala on behalf of Patrick McGinnis
Bar No. 13631900
iayala@cwilsonlaw.com
Envelope ID: 84805740
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 2/23/2024 2:00 PM CST

Associated Case Party: Vicki Dickerson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Irene Ayala | | iayala@cwilsonlaw.com | 2/22/2024 3:30:29 PM | SENT |
| Chad Wilson | | cwilson@cwilsonlaw.com | 2/22/2024 3:30:29 PM | SENT |
| Chad T. Wilson | | eservice@cwilsonlaw.com | 2/22/2024 3:30:29 PM | SENT |
| Patrick C.McGinnis | | pmcginnis@cwilsonlaw.com | 2/22/2024 3:30:29 PM | SENT |